UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH CORSETTI,

      Petitioner,

v.

      Case No. 1:05-cv-794
      Hon. Robert J. Jonker

THOMAS G. PHILLIPS,

      Respondent.
_____/

**REPORT AND RECOMMENDATION**

Petitioner, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. §2254.[1] On June 30, 1981, petitioner pled guilty to armed robbery and possession of a firearm (PB, 280).[2] He was sentenced to 15 to 60 years for armed robbery and two years for the firearm offense (PB, 280). Petitioner was paroled on July 31, 1996, but violated the terms of his parole and returned to prison (PB 211-15, 234). Petitioner filed this action seeking habeas relief on November 25, 2005. Petitioner does not contest his criminal conviction. Petition at pp. 2, 25-27, 38, 46. Rather, he challenges the conditions of his confinement, i.e., the Michigan Parole Board's alleged unconstitutional practices which have kept him in prison and prevented him from being paroled. *Id.*

---

[1] Petitioner labeled his petition as brought pursuant to 28 U.S.C. § 2241. The court, however, agrees with respondent that this petition is before the court under 28 U.S.C. § 2254, because he is "in custody pursuant to the judgment of a State court" and brings his petition "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *See* § 2254(a).

[2] Citations to petitioner's parole board record, filed with this court as docket no. 26, shall be designated as "PB, [page #]".

Petitioner contends that the Michigan Parole Board violated federal constitutional provisions when it failed to release him on parole:

I.  There is a serious substantive due process and equally serious equal protection violation(s) of the petitioner's constitutional rights in this case and as the U.S. Supreme Court has enunciated for at least a quarter-century and has made clear in numerous decisions that even though a person has no "right" to a valuable government benefit and even though the government may deny him the benefit for any number of reasons there are some reasons upon which the government may not rely. Petitioner in this case now before this court has been repeatedly denied parole in direct retaliation for the exercise of his protected constitutional right to file litigation for himself or for other prisoners. Denial of parole in retaliation invalidates the parole process in the petitioner's particular case.

II. In the State of Michigan there is no possible remedy for a Michigan state prisoners [sic] to avail themselves of in making a challenge to the Parole Board on the substantive due process, due process or equal protection clauses of the Michigan or United States Constitution(s) or more importantly for retaliatory behavior/decisions by the Michigan Parole Board members. Therefore there is no state court remedy available as enunciated by the Michigan Legislature, Michigan Court of Appeals and supported by the Michigan Supreme Court.

Petition at 27, 38.

The Parole Board record submitted by respondent reflects that petitioner was last denied parole in March 2006 (PB 5). However, this record only extends through August 23, 2006. *See* docket no. 26. Subsequent Michigan Department of Corrections (MDOC) records show that petitioner was paroled on July 31, 2007. *See* MDOC Offender Tracking Information System at www.michigan.gov/corrections. In addition, petitioner's release on parole is reflected in the court record by the following docket entries: (1) a court notice addressed to petitioner at the G. Robert Cotton Correctional Facility was returned to the court on August 22, 2007, stating that petitioner was "paroled/discharged" (docket no. 22); on August 23, 2007, petitioner advised the court of his new

2

address, which was not an MDOC correctional facility, but an apartment in Hazel Park (docket no. 23); and, on November 18, 2008, petitioner advised the court that he was currently in the Oakland County Jail on unspecified charges (docket no. 28).

Petitioner does not attack his 1981 criminal convictions. Rather, petitioner contends that the Parole Board violated his federal constitutional rights when it repeatedly refused to release him on parole a second time after he violated the terms of his 1996 parole. *See* Petition at p. 2. However, petitioner's claim that the Parole Board is illegally refusing to grant parole is no longer a pending controversy before this court. Petitioner received his requested relief when the MDOC paroled him for the second time on July 31, 2007. A prisoner's claim that his release on parole has been illegally delayed is rendered moot when he obtains the requested relief and is released on parole. *Razzoli v. FCI Allenwood*, 200 Fed. Appx. 166, 169 (3rd Cir. 2006). *See also, Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998) ("when a prisoner seeking injunctive or declaratory relief challenges his parole eligibility date but is subsequently released on parole, his claims are moot unless he alleges continuing adverse consequences from the challenged parole records"); *Vandenberg v. Rodgers*, 801 F.2d 377, 378 (10th Cir. 1986) (where a petition for habeas corpus merely challenges determinations that delayed the petitioner's parole date, rather than the underlying convictions, those habeas claims are moot when the petitioner is released on parole) (listing cases). Petitioner does not identify any adverse collateral consequences arising from his habeas claims. In the absence of "some concrete and continuing injury other than the now-ended incarceration," there is no controversy for the court to decide. *See Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998). Under these circumstances, petitioner's habeas action, which seeks the narrow relief of a second grant of parole, is moot.

Accordingly, I respectfully recommend that this habeas petition be **denied** as **moot**.

Rule 8, Rules Governing § 2254 Cases in the United States District Courts.


Entered:  February 12, 2009            /s/ Hugh W. Brenneman, Jr.
                                                            Hugh W. Brenneman, Jr.
                                                            U.S. Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within eleven (11) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).