UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH CORSETTI,

        Petitioner,                      Case No.  1:05-CV-794

v.                                                   Hon. Robert J. Jonker

THOMAS G. PHILLIPS,

        Respondent.
_____/

**<u>ORDER REJECTING<br>REPORT AND RECOMMENDATION<br>FOR DISMISSAL ON GROUNDS OF MOOTNESS</u>**

        This matter is before the Court on the Magistrate Judge's Report and Recommendation (docket # 29) recommending dismissal of Petitioner's habeas petition as moot in light of the Parole Board's grant of parole, and the absence of any claim of continuing adverse consequences from what Petitioner asserts is unconstitutionally delayed parole. The Report was docketed on February 12, and served by mail on Petitioner on February 18. Petitioner filed timely objections on March 4 (docket # 30).[1] When a party objects to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he

---

[1] Local Rule 72.3(b) normally provides 10 days for timely objections. Under FED. R. CIV. P. 6(a)(2), intervening weekends and holidays are excluded in the count. And under FED. R. CIV. P. 6(d), an additional 3 days are added to the time for service by mail. In this case, the normal 10-day period, applied with these counting rules, would give Petitioner until Saturday, March 7. The filing would thus be due on March 9, the court's next business day. FED. R. CIV. P. 6(a)(3).

        In this case, the Magistrate Judge's Report provided Petitioner with an 11-day period for objections.  This actually has the effect of shortening the time period for objections because intervening weekends and holidays are not counted.  Adding the additional 3 days allowed under FED. R. CIV. P. 6(d) gave Petitioner in this case a total filing period of 14 days from service, or until March 4.  He made this filing deadline.

or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *See also* 28 U.S.C. § 636(b)(1)(C) (Lexis through P.L. 110-180). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After de novo review in this case, the Court finds that Petitioner's present circumstances, as described in his objections, preclude dismissal of this matter as moot, and require the Court to reject the Magistrate Judge's Report and Recommendation.

      The Report and Recommendation recommends that Petitioner's habeas corpus petition be denied as moot because the Michigan Parole Board granted Petitioner parole on July 31, 2007. The authority cited by the Magistrate Judge recognized that habeas claims of delayed parole are normally mooted upon the grant of parole, but not when there are allegations of ongoing adverse consequences potentially affecting the fact or duration of confinement. Petitioner did not detail claims of ongoing adverse consequences in his original petition because he was in state custody and the habeas claim obviously presented a live controversy. His objections to the Report, however, do detail claims of ongoing adverse consequences sufficient to present a live controversy. In particular, Petitioner says he is presently in state custody on a new and "minor," albeit unspecified charge, and that his custodial status is impacted by a "parole hold." (Docket # 30 at 5.) Petitioner's theory is that he should and would have received parole long ago, and been fully discharged by this

2

time, but for his exercise of First Amendment rights to access the courts. Petitioner may or may not be able to demonstrate a right to relief on the merits, but the claimed impact of the delayed parole on his present custodial status has put the matter in issue sufficiently to preclude dismissal of this matter his moot.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 29) is rejected because this matter is not moot at this time. The matter is returned to the Magistrate Judge for all further appropriate proceedings, reports and recommendations.


Dated:   March 5, 2009              /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    UNITED STATES DISTRICT JUDGE